# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT GOLDSMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12 C 3738 |
| ) | |
| CORRECT CARE SOLUTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendants Barbara Miller, Amanda Barrios, and Dr. Jan Stampley have moved to dismiss plaintiff Robert Goldsmith's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court denies defendants' motions.

## Facts

The Court takes the following recitation of the facts from Goldsmith's amended complaint.

Goldsmith arrived at the Will County jail on May 8, 2011. At the time, Goldsmith was taking several psychotropic medications and Ambien, a sedative. Correct Care Solutions provided contract medical services for the jail. Goldsmith notified "Nurse Holly" (later identified as Holly Panfill) and "Nurse John" (later identified as John Petrocelli) that he needed his prescription medications. It is unclear from the complaint whether the two nurses were Correct Care employees or jail employees. The nurses

told Goldsmith it would take time to review his psychiatric records, although the records were faxed to the jail the same day. Goldsmith informed the staff that he had withdrawal symptoms and that to avoid this he would need to be weaned off the medication. Despite this, Goldsmith was not given any psychotropic medication for next three weeks. During that period, he experienced hallucinations, sweats, chills, chronic sleeplessness, headaches, rapid weight loss, and nausea. After three and a half weeks had gone by, the medical staff offered Goldsmith a different medication, Zoloft. This medication exaggerated his symptoms, and Goldsmith stopped taking it after three or four days due to the side effects it caused.

Around May 30, 2011, Dr. Jan Stampley, the jail psychiatrist, saw Goldsmith and informed him his medications were not available at the jail. Dr. Stampley states in his reply brief that he works as an independent contractor for the jail and has never worked for Correct Care Solutions. *See* Def. Stampley's Reply at 3. At that point, Goldsmith decided not to take any medication because the majority of his symptoms had subsided.

On May 15, 2012, Goldsmith filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 against Correct Care Solutions, Panfill, and Petrocelli, alleging that they were deliberately indifferent to his medical needs. On May 23, 2012, Judge John Nordberg, to whom the case was then assigned, dismissed the claim against Correct Care upon initial review under 28 U.S.C. §1915A. Judge Nordberg noted that section 1983 does not permit liability to be based on *respondeat superior*, and he concluded that Goldsmith had not made allegations sufficient to suggest that the constitutional deprivations had occurred pursuant to a policy of Correct Care, as required to establish the company's liability. *See* Order of May 23, 2012 at 2.

On August 1, 2013, Goldsmith amended his original complaint to add three new defendants: Dr. Stampley, Barb Miller, and Amanda Barrios (though he referred to her at the time as "Amanda (last name unknown)." Goldsmith identified Miller as the "medical department manager" at the jail, though it appears that in fact she is or was a Correct Care employee and the supervisor of the two nurses Goldsmith had named. *See* Def. Miller's Reply at 5. Barrios, it appears, is an employee of the Will County Health Department. *See* Def. Barrios' Mot. to Dismiss ¶ 5.

## Discussion

All three of the defendants who were named for the first time in the amended complaint have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that Goldsmith's claims against them are barred by the statute of limitations. Stampley also argues that Goldsmith's claims against him are deficient because they do not indicate the presence of a physician-patient duty and because Goldsmith failed to exhaust jail grievance procedures before filing suit.

**1.     Statute of limitations**

The statute of limitations is an affirmative defense, and typically it is inappropriate to dismiss a claim under Rule 12(b)(6) on the basis of an affirmative defense. *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). A plaintiff is not required to "plead around" potential affirmative defenses, so his failure to do so does not subject his complaint to dismissal. *Id.* Dismissal under Rule 12(b)(6) may be appropriate, however, if the complaint sets forth facts that establish the affirmative defense. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

A two-year limitation period applies to section 1983 claims arising in Illinois.

*Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). The alleged injury occurred in May 2011, and thus the limitation period expired in May 2013 unless equitable tolling applies or the statute can be extended on some other basis. Goldsmith first named Stampley, Miller, and Barrios in an amended complaint filed on August 1, 2013.

### a. Relation back

In response to defendants' argument that the claims against them are time-barred, Goldsmith argues that the claims relate back to the date he first filed suit, which would be well within the limitation period. Under Rule 15(c)(1), an amended pleading relates back to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B) & (C).

In seeking dismissal, defendants focus on whether Goldsmith made a mistake in not naming them (or in naming others) in his original complaint filed before the statute of limitations ran out. That is the wrong focus. As the Supreme Court has stated, "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the newly-named defendant] as the proper defendant, but whether

4

[that defendant] knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010). The Seventh Circuit has, unsurprisingly, said the same thing:

> [t]he only two inquiries that the district court is [after *Krupski*] now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011). In short, examining whether the plaintiff's failure to sue the belatedly-named defendant earlier was a mistake is the wrong focus. "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Krupski*, 560 U.S. at 548.

At this juncture, all the Court has to work with is the complaint and amended complaint. Based on these documents, the Court has no way of knowing what the newly-named defendants knew or reasonably should have known at an earlier time. That is why dismissal under Rule 12(b)(6) based on a limitations defense is irregular. There might well be cases in which a court would know, at the dismissal stage, what the defendant knew or should have known about whether the plaintiff made a mistake, but this is not one of them. As a result, the Court cannot say, at this point, that Goldsmith's amended complaint naming the new defendants does not relate back to the date he filed his original complaint. Dismissal based on the contrary proposition would be inappropriate.

### b.     Equitable tolling

Even were the Court to conclude that Goldsmith's amended complaint did not relate back, it still would be improper to dismiss Goldsmith's claims against the new defendants for untimeliness. The Seventh Circuit has stated that "[d]ismissing a complaint as untimely at the pleadings stage is an unusual step. . . ." *Cancer Found., Inc. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 674 (7th Cir. 2009). The statute of limitations defense is more appropriate in a motion for summary judgment. *See Motorola, Inc. v. Lemko Corp.*, 609 F. Supp. 2d 760, 768 (N.D. Ill. 2009).

Because the Court is borrowing Illinois' statute of limitations, it also borrows the state's equitable tolling rules. *Hardin v. Straub*, 490 U.S. 536, 539 (1989). In Illinois, equitable tolling applies when, among other things, the plaintiff "has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl*, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000). Equitable tolling requires due diligence on the plaintiff's part, but that is a "fact-specific inquiry, guided by reference to . . . a reasonably prudent claimant similarly situated." *Williams v. Bd. of Review*, 241 Ill. 2d 352, 372, 948 N.E.2d 561, 573 (2011).

Dismissal under Rule 12(b)(6) based on the statute of limitations is inappropriate unless the complaint itself establishes that the suit is untimely and that there is no way around the time-bar. That is not the case here. The Court has no way of determining, based on Goldsmith's complaint alone, whether equitable tolling might apply. The Court therefore declines to dismiss his claims against the new defendants based on the statute of limitations. If the evidence as it develops establishes those claims are time-barred, defendants are free to move for summary judgment.

## 2. Duty owed by Dr. Stampley to Goldsmith

Dr. Stampley argues that the claim against him should be dismissed because Goldsmith has not adequately alleged the existence of a physician-patient relationship. Def. Stampley's Mot. to Dismiss ¶¶ 7-8. The Seventh Circuit has made it clear that it is improper to grant a motion to dismiss a deliberate indifference claim against a defendant who had personal involvement in the alleged misconduct. *See Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). In *Duncan*, the plaintiff sued the prison warden and prison hospital administrator for denying medical treatment for a fractured wrist. *Id.* at 654. The district court granted the defendants' motions to dismiss. *Id.* The Seventh Circuit reversed the dismissal of the claim against the hospital administrator, saying that "[h]is position as administrator of the prison hospital justifies the inference at this stage of the proceeding that he does bear some responsibility for the alleged misconduct." *Id.* at 655. *See also, e.g., Myrick v. Anglin*, 496 F. App'x 670, 675 (7th Cir. 2012) ("[A]t this stage Miller's position justifies the inference that she bore some responsibility for the delay in Myrick's treatment."); *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988) ("[A]t the pleading stage we can presume that defendant Nietzke, in his role as Administrator of the Infirmary, was responsible to ensure that Williams received adequate medical care.").

Goldsmith's claim against Dr. Stampley may not be dismissed at this stage. Dr. Stampley was the jail psychiatrist for jail during the relevant time. Goldsmith alleges that his medical records were at the jail's medical center on May 8, 2011, when he arrived there. Goldsmith alleges he asked for medical treatment frequently over a period of three weeks, at the end of which Dr. Stampley (described in the original

7

complaint as "the jail psychiatrist") met with him. These allegations are sufficient for present purposes to support an inference that Dr. Stampley bore some responsibility for Goldsmith's treatment and thus for the delay in treatment. Dismissal of the claim against Dr. Stampley is therefore inappropriate.

**3.      Exhaustion of administrative remedies**

Dr. Stampley also seeks dismissal on the ground that Goldsmith failed to exhaust internal jail remedies before filing suit. Def. Stampley's Mot. to Dismiss ¶ 11. The Supreme Court has held that failure to exhaust administrative remedies is not a proper basis for dismissal under Rule 12(b)(6). *Jones v. Bock*, 549 U.S. 199, 216-17 (2007). Failure to exhaust is an affirmative defense, and a plaintiff is not required to demonstrate exhaustion in his complaint. *Id.* at 216. Goldsmith's complaint did not allege any facts involving his pursuit of administrative remedies. It therefore would be improper to dismiss Goldsmith's claim for failure to exhaust at this stage of the case.

**Conclusion**

For the reasons stated above, the Court denies defendants' motions to dismiss [docket nos. 39, 63 & 73] and directs them to answer the amended complaint by no later than July 31, 2014.

                                                                              _____
                                                                              MATTHEW F. KENNELLY
                                                                              United States District Judge

Date:  July 10, 2014